IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIXIE C. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-764-G-BN |
| | § | |
| KILOLO KIJAKAZI, Acting | § | |
| Commissioner of the Social Security | § | |
| Administration1, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States Senior Judge A. Joe Fish. *See* Dkt. No. 5.

Defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, has filed a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss Plaintiff Dixie C.'s constitutional claim. The Commissioner contends the Court lacks subject matter jurisdiction over the constitutional claim because Plaintiff does not have standing to assert it. *See* Dkt. No. 9. Plaintiff has filed a response. *See* Dkt. No. 10.

---

1   Kilolo Kijakazi is now the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to FED. R. CIV. P. 25(d). *See also* 42 U.S.C. § 405(g) (action survives regardless of any change in person occupying the office of Commissioner of Social Security.

For the following reasons, the Court should deny the Commissioner's Motion Pursuant to Fed. R. Civ. P. 12(b)(1) to Dismiss Plaintiff's Complaint in Part and Motion for an Extension of Time Within Which to Answer and File the Certified Administrative Record [Dkt. No. 9].

## Background

Plaintiff appeals the Commissioner's decision denying her applications for Social Security Disability Insurance and Supplemental Security Income benefits. Plaintiff asserts both a traditional challenge to the Commissioner's lack-of-disability determination and a constitutional claim. In the constitutional claim, Plaintiff alleges that,

> [p]ursuant to *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183 (2020), the office of Commissioner of Social Security is unconstitutional, as the President does not have removal power and the Social Security Administration is exempt from budget limitations, placing the agency wholly outside of the President's control. Since the Commissioner's office is unconstitutional, the ALJ's are not constitutionally appointed.

Dkt. No. 1 at 2 ¶9.

In response to the motion for partial dismissal, Plaintiff describes her constitutional claim as a "claim that she did not receive a hearing before an Administrative Law Judge ('ALJ') with constitutional authority to do so, because the Commissioner delegating that authority, and appointing the ALJs, holds office by a statute that is unconstitutional." Dkt. No. 10 at 1. For relief on this claim, Plaintiff seeks "a new hearing with a constitutionally appointed ALJ." Dkt. No. 1. at 2 ¶9.

The Commissioner acknowledges that Plaintiff has standing to assert her traditional claim but seeks dismissal of Plaintiff's constitutional claim for lack of subject matter jurisdiction. In the motion for partial dismissal, the Commissioner submits that Plaintiff lacks standing to assert her constitutional claim under *Seila Law LLC v. Consumer Financial Protection Bureau* because she cannot establish traceability and redressability.

**Legal Standards**

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The Court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

The Court must dismiss a complaint for lack of subject matter jurisdiction "'when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot

be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist" in any case originally filed in federal court. *Ramming*, 281 F.3d at 161 (citations omitted). The plaintiff must demonstrate standing for each claim and form of relief sought. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) (noting that "our standing cases confirm that a plaintiff must demonstrate standing for each claim he seeks to press" and that "[w]e have insisted … that a plaintiff must demonstrate standing separately for each form of relief sought" (cleaned up)).

The United States Court of Appeals for the Fifth Circuit recognizes a distinction between a "facial" attack to subject matter jurisdiction, which is based solely on the pleadings, and a "factual" attack to jurisdiction, which is based on affidavits, testimony, and other evidentiary material. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *accord Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) ("Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.").

Regardless of the nature of the attack, the plaintiff seeking a federal forum "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161. Where, as here, a defendant files a Rule 12(b)(1) motion to dismiss, the attack is presumptively facial, and the Court need look only to the sufficiency of the allegations of plaintiff's complaint, or on the complaint as supplemented by undisputed facts, all of which are presumed to be true. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1989); *Paterson*, 644 F.2d at 523.

## Analysis

Plaintiff asserts a constitutional claim under *Seila Law LLC v. Consumer Financial Protection Bureau*, 140 S. Ct. 2183 (2020), arguing that statutory limitations on the removal of the Social Security Commissioner violate the separation of powers. As a result of this alleged constitutional defect, Plaintiff contends that the ALJ who determined her claim for benefits lacked authority to render that decision.

"[A] litigant who challenges a government action as a violation of the separation of powers need not prove, for purposes of standing, that the action would have been different had the government acted 'with constitutional authority.'" *Dante v. Saul*, CIV No. 20-0702 KBM, 2021 WL 2936576, at *3 (D.N.M. July 13, 2021) (quoting *Seila Law*, 140 S. Ct. at 2196). Rather, it is sufficient that the challenger sustains injury from an executive act that allegedly exceeds the official's authority. *See id.*

"[T]he irreducible constitutional minimum of standing requires plaintiff to prove (1) that she suffered an 'injury in fact;' (2) that there is a causal connection between her injury and the conduct of which she complains; and (3) that her injury is likely to be redressed by a favorable decision in this case." *Tafoya v. Kijakazi*, Civil Action No. 21-CV-00871-REB, ___ F. Supp. ___, 2021 WL 3269640 at *2-5 (D. Colo. July 29, 2021) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (cleaned up)). "Stated more succinctly, '[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Id.* (quoting *DaimlerChrysler Corp.*, 547 U.S. at 335 (cleaned up)).

The Commissioner concedes that Plaintiff suffered an injury in fact but argues Plaintiff cannot establish traceability or redressability.

Before addressing these issues, some background on the nature of Plaintiff's constitutional claim is necessary. As a judge in the United States District Court for the District of Colorado explained,

> Plaintiff's constitutional claim is premised on a putatively logical extension of the Supreme Court's recent decision in *Seila Law v. Consumer Financial Protection Board*, ___ U.S. ___, 140 S. Ct. 2183, 207 L. Ed. 2d 494 (2020). The appellant in *Seila Law* was a California law firm which provided debt-relief services. In the course of investigating the firm for potential unlawful practices in the advertising, marketing, and sale of such services, the Consumer Financial Protection Board (CFPB) issued a Civil Investigative Demand (CID) requiring Seila Law to produce information and documents related to its business practices. *Id.*, 140 S. Ct. at 2194. When Seila Law refused, the CFPB filed a petition in the district court to enforce the demand. *See id.*

As justification for its noncompliance, Seila Law maintained the structure of the CFPB violated the constitutional mandate of separation of powers. Specifically, Seila Law noted the CFPB, an agency under the auspices of the Executive Branch, was headed by a single individual who could be removed by the President only for "inefficiency, neglect, or malfeasance in office." 12 U.S.C. § 5491(c)(3). *See Seila Law,* 140 S. Ct. at 2149. Seila Law argued this provision violated Article II of the Constitution, under which the executive power belongs wholly and exclusively to the President. Although the President may delegate his authority to lesser executive officers to assist him in discharging the responsibilities of his office, because he retains "ultimate responsibility" for use of the executive power, he has an "active obligation to supervise" those officers. *Seila Law,* 140 S. Ct. at 2203) (citation and internal quotation marks omitted).

The Court agreed with Seila Law that this constitutional responsibility was thwarted by limitations on the President's ability to remove the Director of the CFPB. "The CFPB's single-Director structure contravenes this carefully calibrated system by vesting significant governmental power in the hands of a single individual accountable to no one:"

> The Director is neither elected by the people nor meaningfully controlled (through the threat of removal) by someone who is.... Yet the Director may unilaterally, without meaningful supervision, issue final regulations, oversee adjudications, set enforcement priorities, initiate prosecutions, and determine what penalties to impose on private parties. With no colleagues to persuade, and no boss or electorate looking over her shoulder, the Director may dictate and enforce policy for a vital segment of the economy affecting millions of Americans.

*Id.* at 2203-04. In short, "[t]he CFPB Director's insulation from removal by an accountable President ... render[s] the agency's structure unconstitutional." *Id.* at 2204. The Supreme Court further cemented this understanding of the President's removal powers this past term, finding "[a] straightforward application of our reasoning in *Seila Law*" likewise rendered unconstitutional the statutory protection from removal except for cause afforded the Director of the Federal Housing Finance Authority ("FHFA"). *Collins v. Yellen,* ___ U.S. ___, 141 S. Ct. 1761, 1784, ___ L. Ed. ___ (2021).

*Tafoya*, 2021 WL 3269640, at *2-*3 (footnotes omitted).

Here, Plaintiff contends that the Social Security Administration suffers from the same constitutional defect because the Commissioner "may be removed from office only pursuant to a finding by the President of neglect of duty or malfeasance in office." 42 U.S.C. § 902(a)(3).

To establish traceability – that is, a causal connection establishing that her injury is fairly traceable to the Commissioner's alleged conduct, *see Lujan*, 504 U.S. at 560-61 – Plaintiff need only allege some injury from an executive act, which purportedly exceeded the acting official's constitutional authority, see *Seila Law*, 140 S. Ct. at 2196.

The Commissioner argues she cannot do so because the denial of Plaintiff's disability claim is "not tied in any meaningful way to the statutory provision that places limits on the Commissioner's removal by the President." Dkt. No. 9 at 10. But the relevant inquiry is "whether plaintiff's injury can be traced to allegedly unlawful conduct of the defendant, not to the provision of law that is challenged." *Dante*, 2021 WL 2936576, at *5 (quoting *Collins*, 141 S. Ct. at 1779 (cleaned up)).

Specifically, the Commissioner argues that Plaintiff cannot establish traceability for two reasons: (1) the denial of Plaintiff's claims for social security benefits is not fairly traceable to the alleged constitutional defect because the ALJ who decided her claim was appointed by an Acting Commissioner who was, in fact, removable at will by the President, and (2) the Commissioner had no involvement in deciding Plaintiff's claim, which was decided by an ALJ who independently exercised

her own fact-finding discretion. *See* Dkt. No. 9 at 6.

[I]t is not clear to the court how the decisional independence of ALJs cures the problem of their putative lack of authority to issue those decisions. To prove traceability, plaintiff need only show she sustained injury from an act that allegedly exceeds the ALJ's authority. *Seila Law*, 140 S. Ct. at 2196. The ALJs of the Social Security Administration derive their authority by delegation from the Commissioner. *See* 42 U.S.C. § 405(b)(1) (directing the Commissioner "to make findings of fact, and decisions as to the rights of any individual applying for a payment under this subchapter"). An ALJ's disability determination *is* the determination of the Commissioner. If the removal protections afforded the Commissioner violate the constitutional requirement of separation of powers, the Commissioner has no authority to delegate. Under those conditions, the ALJs themselves ostensibly are operating without constitutional authority, and their disability determinations – which again, are the decisions of the Commissioner – arguably are null. This appears sufficient to this court to meet the minimal requirements of traceability in a case such as this.

Nor does the fact that the ALJ who decided plaintiff's case was appointed by an Acting Commissioner, Nancy Berryhill, alter this determination. Ms. Berryhill, previously the agency's Deputy Commissioner for Operations, rose to the position of Acting Commissioner under the auspices of the Federal Vacancies Reform Act, which authorizes the President to direct a person "to perform the functions and duties of the vacant office temporarily in an acting capacity." 5 U.S.C. ¶ 3345(b)(3). *See also* Memorandum, *Providing an Order of Succession Within the Social Security Administration*, 81 FR 96337 § 1, 2016 WL 7487744 (Pres.) (Dec. 23, 2016) (Deputy Commissioner for Operations is first in line to perform the functions of the office if the Commissioner and Deputy Commissioner cannot).

That Ms. Berryhill's position was temporary, however, does not mean she could be removed at will. In fact, the plain language of the Social Security Act suggests otherwise. It provides *"[a]n individual serving in the office of Commissioner* may be removed from office only pursuant to a finding by the President of neglect of duty or malfeasance in office." 42 U.S.C.A. § 902(a)(3) (emphasis added). That language is broad enough to encompass an Acting Commissioner. *See Dante v. Saul,* 2021 WL 2936576 at *8 (D.N.M. July 13, 2021). *Cf. Collins*, 141 S. Ct. at 1781 (because removal restrictions of the FHFA applied only to the Director, "any constitutional defect in the provision restricting the

-9-

>   removal of a confirmed Director would not have harmed [the plaintiffs], and they would not be entitled to any relief" by actions of an Acting Director who enjoyed no such protections).

*Tafoya*, 2021 WL 3269640, at *5.

In addition to these reasons, and in response to the motion for partial dismissal, Plaintiff argues that Acting Commissioner Berryhill had been acting in violation of the time limit imposed by the Vacancies Reform Act since November 17, 2017. *See* https://www.gao.gov/products/b-329853. Plaintiff's administrative hearing was on May 6, 2020, and Berryhill continued to serve as Acting Commissioner at that time.

But Plaintiff did not include this allegation in her complaint. And, because the Commissioner brings a facial attack to Plaintiff's pleading, and because the Court is limited to consideration of the sufficiency of the allegations of Plaintiff's complaint to determine if it has standing, the undersigned will not address it.

But Plaintiff has sufficiently alleged an injury attributable to an executive officer who she alleges lacked constitutional authority, and so Plaintiff has demonstrated traceability for purposes of standing.

Plaintiff must also establish that a favorable decision by the Court is likely to redress her injury. *See Lujan*, 504 U.S. at 560-61. To establish redressability, a plaintiff must show that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. A plaintiff's burden to demonstrate redressability is relatively modest. She need not demonstrate that there is a guarantee that her injuries will be redressed by a favorable decision. Rather, a

plaintiff need only show a substantial likelihood that the relief sought would redress the injury. *See Albert v. Kijakazi*, No. 1:21-cv-0004-HRH, 2021 WL 3424268, at *4 (D. Alaska Aug. 5, 2021) (citations and quotations omitted).

The Commissioner maintains that Plaintiff cannot establish redressability because a remand based on the unconstitutionality of the ALJ's exercise of her authority would not necessarily result in a more favorable determination on Plaintiff's substantive claim for benefits. This misconstrues the nature of plaintiff's alleged injury, which resides not in the substantive determination per se, but in the fact that it was issued in the alleged absence of constitutional authority. In a case such as this, the plaintiff "is not required to prove that the Government's course of conduct would have been different in a 'counterfactual world' in which the Government had acted with constitutional authority." *Tafoya*, 2021 WL 3269640, at *5 (quoting *Seila Law*, 140 S. Ct. at 2196). It is sufficient if "a decision in plaintiff's favor could lead to the award of at least some of the relief she seeks." *Id.* (quoting *Collins*, 141 S. Ct. at 1779) (cleaned up).

Given the guidance in *Seila Law* and its implicit warning in *Collins* not to conflate the issue of "entitlement to relief" with redressability for purposes of standing, *see Collins,* 141 S. Ct. at 1788 n.24, Plaintiff has established redressability for purposes of standing, *see Dante*, 2021 WL 2936576, at 10.

And, because Plaintiff has established both traceability and redressability for the purposes of standing, the Court has standing to hear Plaintiff's constitutional claim.

**Recommendation**

The Court should deny Defendant's Motion Pursuant to Fed. R. Civ. P. 12(b)(1) to Dismiss Plaintiff's Complaint in Part and Motion for an Extension of Time Within Which to Answer and File the Certified Administrative Record [Dkt. No. 9] and order the Commissioner to file its Answer and the Administrative Record within 21 days of the Court's order denying the motion for partial dismissal.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 20, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE