IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIXIE L. C. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-764-BN |
| | § | |
| KILOLO KIJAKAZI, Acting | § | |
| Commissioner of Social Security | § | |
| Administration, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Dixie L. C. seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision is reversed.

**Background**

Plaintiff alleges that she is disabled due to a variety of ailments. After her applications for disability insurance benefits and supplemental security income ("SSI") benefits were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on May 6, 2022. *See* Dkt. No. 16-1 at 45-70 (Administrative Record ("AR") at 41-66). At the time of the hearing, Plaintiff was 59 years old. She attended college for two years and has past work experience as an office manager and administrative clerk. Plaintiff has not engaged in substantial gainful activity since November 21, 2015.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability or SSI benefits. *See id*. at 28-37 (AR at 24-33). Although the medical evidence established that Plaintiff suffered from lumbar degenerative disc disease, bilateral shoulder osteoarthritis, fibromyalgia, migraines, and obesity, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity to perform her past relevant work as an office manager and administrative assistant.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. Plaintiff challenges the hearing decision on two general grounds: (1) the ALJ failed to follow the correct legal standard for review of medical opinion evidence; and (2) the assessment of her residual functional capacity is not supported by substantial evidence because it is based solely on evidence of her medical conditions and not on a medical expert's opinion.

The Court determines that the hearing decision must be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

**Legal Standards**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the

evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Plaintiff's first argument – that the ALJ failed to follow the proper legal standard for evaluating medical opinions – compels remand.[1]

The ALJ's treatment of medical opinions is governed by the revised regulations for social security benefits claims filed after March 27, 2017. *See* 20 C.F.R. § 404.1520c(a). Under the revised regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) ...

---

1 By remanding this case for further administrative proceedings, the Court does not suggest that Plaintiff is or should be found disabled.

5

including those from your medical sources."). *Id.*; *accord Winston v. Berryhill*, 755 F. App'x 395 n.4 (5th Cir. 2018) (per curiam). Instead, ALJs must "articulate in [their] determination or decision how persuasive [they] find all of the medical opinions ... in [a claimant's] case record." 20 C.F.R. § 404.1520c(b). This requirement is obligatory for claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c(a). Plaintiff applied for disability insurance benefits and SSI on January 30, 2018, *see* Dkt. No.16-1 at 28 (AR at 24), so the revised regulations apply.

The ALJ must consider all medical opinions in the record and evaluate their persuasiveness applying five factors: (1) supportability, (2) consistency, (3) relationship with the claimant (including: (i) length of treatment relationship, (ii) frequency of examinations, (iii) purpose of the treatment relationship, (iv) extent of treatment relationship, (v) examining relationship), (4) specialization, and (5) other factors that tend to support or contradict a medical opinion or prior administrative medical finding. *See* 20 C.F.R. § 404.1520c(c).

The most important of these factors are supportability and consistency. *See* 20 C.F.R. 404.1520c(a). Supportability is the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations. *See* 20 C.F.R. 404.1520c(c)(1). Consistency is the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources. *See* 20 C.F.R. § 404.1520c(c)(2).

The ALJ is specifically required to explain how he or she considered the most important factors of supportability and consistency, but an explanation for the

6

remaining factors is not required unless the ALJ is deciding among multiple medical opinions of equal support and consistency on the same issue that differ slightly. *See* 20 C.F.R. § 404.1520c(b)(2).

The ALJ determined that Plaintiff retained the physical RFC to perform light work except she can never climb ladders, ropes, or scaffolds; can occasionally balance, stoop, kneel, crouch, crawl, or climb ramps or stairs; can occasionally perform overhead lifting with either upper extremity; and there must be no use of power tools or concentrated exposure to vibrating tools or machinery. *See* Dkt. No. 16-1 at 33 (AR at 29). The ALJ also included environmental limitations. *See id.*

There were no medical opinions from Plaintiff's treating or examining physicians in the record. In making the RFC determination, the ALJ found the opinions of two State agency medical consultants ("SAMCs") to be persuasive. *See id.* at 35 (AR at 31).

Brian Harper, M.D., reviewed the medical records on initial determination and found that Plaintiff retained the RFC to perform light work, lifting 20 pounds occasionally and 10 pounds frequently with six hours of standing and walking in an eight-hour workday. Dr. Harper found no other limitations *See id.* at 79 (AR at 75). Craig Billinghurst, M.D., reviewed the medical records on reconsideration and his RFC finding mirrored Dr. Harper's. *See id.* at 112-13 (AR at 108-09).

In his persuasiveness finding, the ALJ explained:

Although neither Dr. Harper nor Dr. Billinghurst had the opportunity to examine the claimant, they did review the available evidence of record, including a treatment note dated January 9, 2018, and the reports from the claimant's consultative examinations with Dr.

7

> Okumbor and Dr. Ukoha. Not only are their limitations consistent with the evidence that they reviewed, but they are supported by the overall evidence in the record. For example, on April 6, 2017, the claimant presented to the emergency department with complaints of upper back pain that had started radiating to her chest. On physical examination, the claimant had normal range of motion, normal strength, no tenderness, no swelling, and normal sensation, motor functioning, and coordination. During an office visit on March 29, 2018, the claimant had decreased range of motion in both arms and pain on range of motion of the cervical spine. During a consultative examination with Dr. Okumbor, the claimant had decreased range of motion in the cervical and lumbar areas of the spine, positive straight-leg raising tests, and decreased range of motion in the hips and knees. The claimant was unable to squat, but findings on physical examination were otherwise normal with respect to motor strength in all extremities, coordination, motion of the hands and fingers, grip strength, sensation, and the ability to ambulate without an assistive device. During her consultative examination with Dr. Ukoha, the claimant had decreased range of motion in the shoulders and spine, as well as bilaterally positive straight-leg raising tests, and difficulty squatting, hopping, tandem walking, and toe walking, but she had normal grip, normal fine motor control, normal gait and station, intact sensation, and normal coordination. Given their overall consistency with the objective evidence, the undersigned finds the opinions of Dr. Harper and Dr. Billinghurst persuasive.

*Id.* at 35 (AR at 31) (record references omitted).

Plaintiff contends the ALJ's RFC finding is erroneously flawed because the ALJ did not explain why he rejected medical evidence concerning Plaintiff's postural and manipulative limitations, including those the ALJ mentioned in his explanation, or address the inconsistencies between the SAMCs' opinions and other evidence in the record.

The SAMCs found Plaintiff retained the RFC to perform a limited range of light work, but they did not include postural of manipulative limitations to accommodate the decreased range of motion in Plaintiff's joints. After stating the

SAMCs' opinions were supported by the overall evidence in the record, the ALJ refers to medical evidence which is inconsistent with that finding.

As one example, the ALJ refers to a March 29, 2018 office visit in which Plaintiff had decreased range of motion in both arms and pain on range of motion of the cervical spine. *See id.* As another example, the ALJ states that, during a consultative examination with Dr. Okumbor, Plaintiff had decreased range of motion in the cervical and lumbar areas of the spine, decreased range of motion in the hips and knees, and was unable to squat. *See id.* As another example, the ALJ states that, during a consultative examination with Dr. Ukoha, Plaintiff had decreased range of motion in the shoulders and spine and difficulty squatting, hopping, tandem walking, and toe walking. *See id.* at 35.

The ALJ's persuasiveness finding is confusing. The ALJ cited hand-picked medical evidence to support his position, but that evidence was inconsistent with SAMCs' opinions, which he found persuasive. And the ALJ failed to articulate how he considered the supportability and consistency of the medical opinions with the medical evidence of record, including inconsistent medical evidence, as required by 20 C.F.R. § 404.1520c(b)(2). Instead, nothing in the ALJ's persuasiveness finding provides any insight into the ALJ's analysis of the supportability and consistency of the medical opinions.

The ALJ's error compels remand because the ALJ did not follow the correct legal standard for evaluating medical opinion evidence. *See* 42 U.S.C. § 402(g).

## Conclusion

9

The hearing decision is reversed, and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

DATED: September 29, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE